WILL WRIGHT v. THE STATE.

No. 7680.    Decided May 16, 1923.

Rehearing Denied June 13, 1923.

1.—Unlawfully Manufacturing Intoxicating Liquor—Circumstantial Evidence—Change of Court.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence was direct, there was no error in the court's refusal to charge on circumstantial evidence.

2.—Same—Indictment—Medicated Bitters.

Appellant's contention that the allegation, "capable of producing intoxication," applied only to medicated bitters, is without foundation.

3.—Same—Newly Discovered Evidence—Affidavit—Attorney and Client.

Where the affidavit of defendant to the motion for a new trial was taken before his attorney, the question of newly discovered evidence could not be considered.

4.—Same—Rehearing—Whisky—Intoxicant.

Appellant's complaint that the trial court improperly overruled his exception to the charge instructing the jury that whisky was intoxicating liquor is not well-taken; besides, the testimony showed that it was intoxicating.

5.—Same—Indictment—Purpose of Sale.

It is not necessary in an indictment charging the manufacture of intoxicating liquor that it allege that such manufacture was for the purpose of sale.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Ballowe & King,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in Criminal District Court No. 2 of Dallas County of the unlawful manufacture of

intoxicating liquor, and his punishment fixed at confinement in the penitentiary for a period of one year.

Complaint is made of the refusal of the trial court to charge the law of circumstantial evidence. From the statement of facts it is made to appear that on the 19th of April, 1922, a number of officers went to the house of appellant. In a shed at the west end of the house about fifteen barrels of mash, a still of the capacity of about sixty gallons, and some five gallons of whisky were found. Appellant was the only man on the premises. From the testimony of witness T. I. Wood we quote as follows:

"I know the defendant Will Wright; I saw him on that day; he was running a still when I saw him. I know what a still is. Mr. Wright was making whisky at the time we found this still; This still ran about three gallons of whisky while we were there; this liquor was capable of producing intoxication."

In another part of the testimony of said witness he states that on that occasion appellant remarked to him, "You see the best one there is in Dallas county." Another officer testified that the still was running when they got there; that there was a fire under it and that it was running a stream about the size of one's finger; that no other man was around the place except appellant. Reverting to the testimony of appellant himself we observe that he says that he was not responsible for the presence of the still at his house; that it was put there by Bill Dyer, but appellant says, "We had sickness there and made a little run, run off a little whisky for the sick child." In another place appellant testified that the still had been at his house about two or three weeks and that old man Dyer had made fairly good whisky on it. We think the trial court did not err in declining to submit the law of circumstantial evidence. The officers found the still in actual operation; whisky was running from the worm; fire was burning under the boiler; the process of evaporation was taking place, and in fact everything necessary for the complete manufacture of intoxicating liquor. It was appellant's house; he had it rented, was present, and admitted that "we" had made a run of whisky.

Appellant also complains of the refusal of the trial court to quash the indictment herein. The first count of said indictment, same being the one submitted to the jury and upon which this conviction was had, charged that appellant did in Dallas county, Texas, unlawfully manufacture spirituous, vinous and malt liquors and medicated bitters capable of producing intoxication. Appellant's contention that the words "capable of producing intoxication" applied only to medicated bitters, is without foundation.

Appellant asked for a new trial on the ground of newly discovered testimony. The newly discovered witnesses were Tom Gentry and G. W. Wright. The affidavit of Gentry appended to the motion for new trial was taken before appellant's attorney. This is manifestly

improper and according to the uniform holding of this court will not be considered. The affidavit of Wright presents only hearsay statements of Tom Gentry. No error appears in the overruling of the motion. The above are the alleged errors presented to this court in the brief of appellant. The other errors complained of have been examined and in our opinion present no error.

The record containing no error, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

June 13, 1923.

LATTIMORE, JUDGE.—Appellant in his motion for rehearing complains of our holding that the trial court properly overruled his exception to the charge instructing the jury what whisky was intoxicating liquor. In Sec. 1237 of Mr. Branch's Annotated P. C. will be found collated many authorities supporting the proposition that it has been judicially determined that whisky is intoxicating liquor and that it is sufficient to allege and prove a sale or the manufacture of whisky. In the instant case, however, it appeared from the testimony of the State not only that appellant manufactured whisky but that such whisky was intoxicating liquor. The indictment herein charged in its several counts that the liquor therein more particularly described was "capable of producing intoxication." We are unable to perceive any error in the action of the trial court in assuming and stating to the jury in his charge that whisky was intoxicating liquor. It is not necessary in an indictment charging the manufacture of intoxicating liquor, that it be charged that such manufacture was for the purpose of sale. The indictment herein sufficiently charged the offense, the proof responded to the indictment, the charge fairly submitted the case made by the testimony and set out in the pleadings.

Finding no error in the motion for rehearing, same will be overruled.

*Overruled.*